# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

**CIVIL ACTION NO. 18-cv-12358-LTS**

AIRBNB, INC.,

    Plaintiff,

v.

CITY OF BOSTON,

    Defendant.

## DEFENDANT CITY OF BOSTON'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, City of Boston ("the City"), hereby answers Plaintiff, Airbnb, Inc.'s, Complaint ("the Complaint") as follows:

The first paragraph of the Complaint, along with paragraphs 1 through 10, are introductory in nature and contain characterizations of an ordinance and conclusions of law and, therefore, no response from the City is required.

## PARTIES

11. The City does not have sufficient information to admit or deny Paragraph 11.

12. Admitted.

## JURISDICTION AND VENUE

13. Paragraph 13 contains legal conclusions to which no response is required.

14. Paragraph 14 contains legal conclusions to which no response is required.

15. Paragraph 15 contains legal conclusions to which no response is required.

# FACTUAL ALLEGATIONS

### Airbnb Is a Leading Internet Platform for Responsible Home Sharing

16. The City does not have knowledge or information sufficient to form a belief about the truth of Paragraph 16.

17. The City does not have knowledge or information sufficient to form a belief about the truth of Paragraph 17.

18. The City does not have knowledge or information sufficient to form a belief about the truth of Paragraph 18.

19. The City does not have knowledge or information sufficient to form a belief about the truth of the first sentence. The second sentence asserts a legal conclusion to which no response is required. The City admits that the third sentence accurately quotes a portion of Airbnb's terms of service.

20. The City does not have knowledge or information sufficient to form a belief about the truth of the first sentence. The City admits that the second sentence accurately quotes a portion of Airbnb's terms of service. The City does not have knowledge or information sufficient to form a belief about the truth of the third sentence. The fourth sentence is denied.

21. The City does not have knowledge or information sufficient to form a belief about the truth of Paragraph 21.

### Airbnb is Committed to Responsible Home-Sharing

22. The City states that to the extent that Paragraph 22 seeks to characterize Airbnb hosts as "everyday people," Airbnb as one of "the powerful tools afforded by the Internet," or who is "[a]n average Boston host," such characterizations are arguments and not allegations of fact to which the City is obligated to respond. To the extent that Paragraph 22 alleges facts, the City does not have knowledge or information sufficient to form a belief about the truth of Paragraph 22.

23. The City does not have knowledge or information sufficient to form a belief about the truth of Paragraph 23.

24. The City does not have knowledge or information sufficient to form a belief about the truth of the first sentence of Paragraph 24. The City admits that the second sentence accurately

quotes a portion of the Airbnb terms of service. The City admits the third sentence. The City does not have sufficient information to admit or deny the fourth sentence.

25. The City does not have knowledge or information sufficient to form a belief about the truth of Paragraph 25.

### Airbnb Protects Private Information

26. The City admits the first sentence. The City does not have knowledge or information sufficient to form a belief about the truth of the second sentence.

27. The City does not have knowledge or information sufficient to form a belief about the truth of Paragraph 27.

### Boston's Regulations Conscript Platforms into Impermissible Compelled Enforcement

28. The first sentence is admitted. The City admits that Airbnb has accurately quoted portions of the committee report in the second sentence and the Ordinance in the third sentence. Answering further, the City states that the Ordinance speaks for itself.

29. The first sentence characterizes the Ordinance, and as such no response is required. The City admits that the second sentence accurately quotes a portion of the ordinance. Answering further, the City states that the Ordinance speaks for itself.

30. Paragraph 30 characterizes the Ordinance and therefore no response is required. Answering further, the City states that the Ordinance speaks for itself.

31. Paragraph 31 characterizes the Ordinance and therefore no response is required. Answering further, the City states that the Ordinance speaks for itself.

32. Paragraph 32 characterizes the Ordinance and therefore no response is required. Answering further, the City states that the Ordinance speaks for itself.

33. Paragraph 33 characterizes the Ordinance and therefore no response is required. Answering further, the City states that the Ordinance speaks for itself.

34. Paragraph 34 characterizes the Ordinance and therefore no response is required. Answering further, the City states that the Ordinance speaks for itself.

35. The City admits that the Ordinance imposes requirements on Booking Agents and that Paragraph 35 accurately quotes the definition of Booking Agent. The City denies that the Ordinance "significantly alters the duties of online home-sharing platforms." Answering further, the City states that the Ordinance speaks for itself.

36. The City does not have knowledge or information sufficient to form a belief about the truth of first sentence. The City admits that the second sentence accurately quotes a portion of the Ordinance. Answering further, the City states that the Ordinance speaks for itself.

37. The first sentence is admitted. The City admits that the second sentence accurately quotes a portion of the Ordinance. Answering further, the City states that the Ordinance speaks for itself.

38. The first sentence is denied. The City admits that the second and third sentences accurately quote portions of the ordinance. The fourth sentence is denied. Answering further, the City states that the Ordinance speaks for itself.

39. The City admits that Paragraph 39 accurately quotes language from the Ordinance. The City states that the remainder of Paragraph 39 contains legal argument to which no response is required. To the extent that Paragraph 39 contains factual allegations they are denied. Answering further, the City states that the Ordinance speaks for itself.

40. Paragraph 40 contains characterizations of the Ordinance to which no response is required. Answering further, the City states that the Ordinance speaks for itself.

### Compliance with the Ordinance Would Impose Substantial Burdens on Airbnb and Harm the Public

41. The City does not have knowledge or information sufficient to form a belief about the truth of Paragraph 41.

42. The City does not have knowledge or information sufficient to form a belief about the truth of Paragraph 42.

43. Denied.

44. The City does not have knowledge or information sufficient to form a belief about the truth of the first sentence. The second sentence is denied.

45. The City does not have knowledge or information sufficient to form a belief about the truth of Paragraph 45.

46. Denied.

47. The City does not have knowledge or information sufficient to form a belief about the truth of Paragraph 47.

48. The City does not have knowledge or information sufficient to form a belief about the truth of Paragraph 48.

49. The City admits that the second sentence accurately quotes a position of the Ordinance. The rest of Paragraph 49 is denied.

50. The first sentence is denied to the extent that an advertisement that does not display a registration number is unlawful on its face. The second sentence is denied. The third sentence is denied. The City admits that the agreement contemplated by Section 9-14.11 of the Ordinance would require some form of verification that a registration number is valid. The City does not have knowledge or information sufficient to form a belief about the truth of the final two sentences.

51. The City does not have knowledge or information sufficient to form a belief about the truth of Paragraph 51.

## CLAIMS FOR RELIEF

**Claim 1: Violation of the Communications Decency Act, 47 U.S.C. § 230, and Claim for Injunctive Relief, Pursuant to 42 U.S.C § 1983 and the Court's Equitable Powers**

52. The City repeats and incorporates by reference its answers to paragraphs 1 through 51 above.

53. The City does not have knowledge or information sufficient to form a belief about the truth of Paragraph 53.

54. The City does not have knowledge or information sufficient to form a belief about the truth of Paragraph 54.

55. Denied.

56. The City admits that Section 9-14.10.b of its Ordinance is accurately quoted, but denies the remaining allegations.

57. Paragraph 57 calls for legal conclusions rather than factual responses and therefore no response is required. To the extent Paragraph 57 can be construed as alleging facts against the City, they are denied.

58. The City admits that Section 9-14.9.a imposes a penalty on Airbnb if it accepts fees for booking transactions associated with listings that do not comply with the Ordinance. The City does not have knowledge or information sufficient to form a belief about the truth of the remaining allegations.

59. Paragraph 59 calls for legal conclusions rather than factual responses and therefore no response is required. To the extent Paragraph 59 can be construed as alleging facts against the City, they are denied.

60. Paragraph 60 calls for legal conclusions rather than factual responses and therefore no response is required. To the extent Paragraph 60 can be construed as alleging facts against the City, they are denied.

61. Paragraph 61 calls for legal conclusions rather than factual responses and therefore no response is required. To the extent Paragraph 61 can be construed as alleging facts against the City, they are denied.

62. Paragraph 62 calls for legal conclusions rather than factual responses and therefore no response is required. To the extent Paragraph 62 can be construed as alleging facts against the City, they are denied.

63. Paragraph 63 calls for legal conclusions rather than factual responses and therefore no response is required. To the extent Paragraph 63 can be construed as alleging facts against the City, they are denied.

64. Paragraph 64 calls for legal conclusions rather than factual responses and therefore no response is required. To the extent Paragraph 64 can be construed as alleging facts against the City, they are denied.

65. Paragraph 65 calls for legal conclusions rather than factual responses and therefore no response is required. To the extent Paragraph 65 can be construed as alleging facts against the City, they are denied.

## Claim 2:  Violation of the First and Fourteenth Amendments of the U.S. Constitution and Article 16 of the Massachusetts Declaration of Rights and Claim for Injunctive Relief, Pursuant to 42 U.S.C. § 1983 and the Court's Equitable Powers

66. The City repeats and incorporates by reference its answers to paragraphs 1 through 65 above.

67. Paragraph 67 calls for legal conclusions rather than factual responses and therefore no response is required.  To the extent Paragraph 67 can be construed as alleging facts against the City, they are denied.

68. The City admits that it imposes a monetary penalty on Airbnb if it "accept[s] a fee for booking a unit as a Short-Term Rental, where such unit is not an eligible Rental Unit." The City denies the remaining allegations.

69. Paragraph 69 calls for legal conclusions rather than factual responses and therefore no response is required.  To the extent Paragraph 69 can be construed as alleging facts against the City, they are denied.

70. Paragraph 70 calls for legal conclusions rather than factual responses and therefore no response is required.  To the extent Paragraph 70 can be construed as alleging facts against the City, they are denied.

71. Paragraph 71 calls for legal conclusions rather than factual responses and therefore no response is required.  To the extent Paragraph 71 can be construed as alleging facts against the City, they are denied.

72. Paragraph 72 calls for legal conclusions rather than factual responses and therefore no response is required.  To the extent Paragraph 72 can be construed as alleging facts against the City, they are denied.

73. Paragraph 73 calls for legal conclusions rather than factual responses and therefore no response is required.  To the extent Paragraph 73 can be construed as alleging facts against the City, they are denied.

### Claim 3:  Violation of the Fourteenth Amendment of the U.S. Constitution and Article 12 of the Massachusetts Declaration of Rights, and Claim for Injunctive Relief, Pursuant to 18 U.S.C. § 2707, 42 U.S.C. § 1983, and the Court's Equitable Powers

74. The City repeats and incorporates by reference its answers to paragraphs 1 through 73 above.

75. Paragraph 75 calls for legal conclusions rather than factual responses and therefore no response is required.  To the extent Paragraph 75 can be construed as alleging facts against the City, they are denied.

76. Denied.

77. Paragraph 77 calls for legal conclusions rather than factual responses and therefore no response is required.  To the extent Paragraph 77 can be construed as alleging facts against the City, they are denied.

78. Paragraph 78 calls for a legal conclusion or interpretation rather than factual responses and therefore no response is required. To the extent Paragraph 78 can be construed as alleging facts against the City, they are denied.

79. Paragraph 79 calls for legal conclusions rather than factual responses and therefore no response is required.  To the extent Paragraph 79 can be construed as alleging facts against the City, they are denied.

80. Paragraph 80 calls for legal conclusions rather than factual responses and therefore no response is required.  To the extent Paragraph 80 can be construed as alleging facts against the City, they are denied.

### Claim 4:  Violation of the Stored Communications Act, 18 U.S.C. § 2701 et seq., and Claim for Injunctive Relief, Pursuant to 18 U.S.C. § 2707, 42 U.S.C. § 1983, and the Court's Equitable Powers

81. The City repeats and incorporates by reference its answers to paragraphs 1 through 80 above.

82. Paragraph 82 calls for legal conclusions rather than factual responses and therefore no response is required.  To the extent Paragraph 82 can be construed as alleging facts against the City, they are denied.

83. Paragraph 83 calls for legal conclusions rather than factual responses and therefore no response is required.  To the extent Paragraph 83 can be construed as alleging facts against the City, they are denied.

84. Admitted.

85. Admitted.

86. Paragraph 86 calls for legal conclusions rather than factual responses and therefore no response is required.  To the extent Paragraph 86 can be construed as alleging facts against the City, they are denied.

87. Paragraph 87 calls for legal conclusions rather than factual responses and therefore no response is required.  To the extent Paragraph 87 can be construed as alleging facts against the City, they are denied.

88. Paragraph 88 calls for legal conclusions rather than factual responses and therefore no response is required.  To the extent Paragraph 88 can be construed as alleging facts against the City, they are denied.

**Claim 5:  Violation of the Fourth Amendment of the U.S. Constitution and Article 14 of the Massachusetts Declaration of Rights and Claim for Injunctive Relief, Pursuant to 42 U.S.C. § 1983 and the Court's Equitable Powers**

89. The City repeats and incorporates by reference its answers to paragraphs 1 through 88 above.

90. Admitted.

91. Paragraph 91 calls for legal conclusions rather than factual responses and therefore no response is required.  To the extent Paragraph 91 can be construed as alleging facts against the City, they are denied.

92. Paragraph 92 calls for legal conclusions rather than factual responses and therefore no response is required.  To the extent Paragraph 92 can be construed as alleging facts against the City, they are denied.

**Claim 6:  Declaratory Relief Pursuant to 28 U.S.C. § 2201**

93. The City repeats and incorporates by reference its answers to paragraphs 1 through 92 above.

94. Paragraph 94 calls for legal conclusions rather than factual responses and therefore no response is required.  To the extent Paragraph 94 can be construed as alleging facts against the City, they are denied.

95. Paragraph 95 calls for legal conclusions rather than factual responses and therefore no response is required.  To the extent Paragraph 95 can be construed as alleging facts against the City, they are denied.

**PRAYER FOR RELIEF**

Paragraphs 96 through 103 consist of Airbnb's prayer for relief and therefore no response from the City is required.  To the extent paragraphs 96 through 103 can be construed as alleging facts against the City, they are denied.

WHEREFORE, the City demands a jury trial on all issues so triable.

**AFFIRMATIVE DEFENSES**

First Affirmative Defense

The City states that the Complaint fails to state a claim upon which relief may be granted.

Second Affirmative Defense

The Plaintiff lacks standing to assert the claims alleged in the Complaint.

Third Affirmative Defense

The claims asserted by Plaintiffs are not ripe.

Fourth Affirmative Defense

This Court lacks jurisdiction over this complaint.

Fifth Affirmative Defense

The City and/or its Ordinance does not treat Booking Agents like Plaintiff as the speaker or publisher of third-party content.

### Sixth Affirmative Defense

Plaintiff and/or its users do not have a privacy interest in the information sought by the City.

### Seventh Affirmative Defense

Plaintiff's listings and/or postings do not constitute "information provided by another information content provider" for purposes of Section 230 of the Communications Decency Act and, therefore, the Ordinance is not preempted and/or Plaintiff is not afforded immunity under the Act.

### Eighth Affirmative Defense

The City and/or its Ordinance do not regulate expressive conduct.

### Ninth Affirmative Defense

Plaintiff is not entitled to protection under the First Amendment because its speech and/or conduct constitutes illegal speech and/or conduct.

### Tenth Affirmative Defense

The City and/or its Ordinance does not violate the Stored Communications Act because the information requested by the City does not pertain to customers, the customers have consented to disclosure of the information, and/or the information is already public.

### Eleventh Affirmative Defense

The City presently has insufficient knowledge on which to form a belief as to whether it may have additional, but not-yet-stated, defenses available. The City reserves the right to assert additional defenses in the event that discovery indicates such would be appropriate.

Respectfully submitted:

DEFENDANT, CITY OF BOSTON

By its attorneys:

Eugene L. O'Flaherty
Corporation Counsel

Date: February 8, 2019

/s/ Nicole M. O'Connor
Adam Cederbaum (BBO#661549)
Chief of Government Services
Nicole M. O'Connor (BBO#675535)
Senior Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635-4030 (Cederbaum)
(617) 635-4039 (O'Connor)
Adam.Cederbaum@boston.gov
Nicole.OConnor@boston.gov

**CERTIFICATE OF SERVICE**

I, Nicole M. O'Connor, hereby certify that I served a true copy of the above document upon all parties of record via this court's electronic filing system and upon those non-registered participants via first class mail.

Date: February 8, 2019

/s/ Nicole M. O'Connor
Nicole M. O'Connor