IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AIRBNB, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 1:18-cv-12358-LTS |
| ) | |
| CITY OF BOSTON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

In advance of Monday's hearing, Airbnb hereby submits this notice of supplemental authority to notify the Court of the Second Circuit's recent decision in *Herrick v. Grindr, LLC*, 2019 WL 1384092 (2d Cir. Mar. 27, 2019). *Herrick* is relevant to Airbnb's arguments regarding Section 9-14.10(b) (compelled agreements requiring listing removal) and Section 9-14.9(a)[1] (prohibition on platform accepting a fee for booking a short-term rental) of the City's Ordinance.

In *Herrick*, the Second Circuit affirmed the district court's holding that Grindr is entitled to immunity under the Communications Decency Act (CDA). Grindr is a web-based dating application that "matches users based on their interests and location." *Id*. at *1. Plaintiff Herrick sued Grindr after Herrick's ex-boyfriend created Grindr fake profiles impersonating Herrick and directing other users to Herrick's home and workplace. Herrick raised several tort claims, alleging that Grindr "lacks safety features to prevent impersonating profiles and other dangerous conduct." *Id*. In particular, as the district court explained:

---

[1] While preparing for Monday's hearing, Airbnb noticed that its reply brief at times incorrectly referred to Section 9-14.9(a) as Section 9-14.10(a). *See* Reply Br. at 1, 5-9, 13. Airbnb apologizes for any confusion that this may have caused the Court.

> Herrick alleges that Grindr does not incorporate certain safety features that could prevent impersonating profiles.  Herrick alleges that Grindr does not use "proven and common image recognition or duplicate-detection software," which could be used to search for profiles using Herrick's picture.  Am. Compl. ¶ 79; *see also* Am. Compl. ¶ 84 (Grindr does not use "PhotoDNA technology" to identify unauthorized photographs).  Grindr does not run keyword searches on direct messages sent through the app.  Am. Compl. ¶¶ 80, 83.  Grindr does not have the ability to search for IP addresses, MAC addresses, and ICC numbers or block the use of spoofing, proxies, and virtual private networks (VPNs), all of which might prevent new impersonating accounts. Am. Compl. ¶ 82.  And Grindr could use a technique called "geofencing" to determine when an impersonating account is associated either with Herrick's address or the address of his former boyfriend.  Am. Compl. ¶ 85.

*Herrick v. Grindr, LLC*, 306 F.Supp.3d 579, 585 (S.D.N.Y. 2018).

As relevant here, the Second Circuit held that Herrick's claims treat Grindr as the publisher or speaker of third-party content.  Adopting and applying the First Circuit's CDA test, as set forth in *Jane Doe No. 1 v. Backpage.com*, LLC, 817 F.3d 12 (1st Cir. 2016), and *Universal Commc'n Sys., Inc. v. Lycos, Inc.*, 478 F.3d 413 (1st Cir. 2007), the court of appeals rejected Herrick's assertion that "his claims are premised on Grindr's design and operation of the app rather than on its role as a publisher of third-party content."  *Herrick*, 2019 WL 1384092, at *3.  Instead, it held that "Grindr's alleged lack of safety features 'is only relevant to Herrick's injury to the extent that such features would make it more difficult for his former boyfriend to post impersonating profiles or make it easier for Grindr to remove them.'"  *Id*. (quoting *Herrick*, 306 F.Supp.3d at 591).  In those circumstances, the Second Circuit held that Section 230 of the CDA barred Herrick's claims.

In addition to adopting the First Circuit's design-and-operation test, the Second Circuit also applied the well-established test for whether a platform is an "information content provider" under the CDA.  It explained that "under § 230 an [interactive computer service] will not be held responsible unless it assisted in the development of what made the content unlawful and cannot be held liable for providing 'neutral assistance' in the form of tools and functionality *available*

*equally to bad actors and the app's intended users*." *Id.* at *3 (internal quotation marks omitted and emphasis added). As applied to *Herrick*, the Second Circuit found that certain services (*e.g.*, "Grindr's matching and geolocation features," *id.*) were neutral tools available to all users and thus did not transform the website into an information content provider. *Id*.

Airbnb will be prepared to discuss the application of *Herrick* to this case at Monday's hearing.

Dated: April 4, 2019

Respectfully submitted,

AIRBNB, INC.

By its attorneys,

/s/ Howard M. Cooper

HOWARD M. COOPER (BBO #543842)
hcooper@toddweld.com
CHRISTIAN G. KIELY (BBO #684308)
ckiely@toddweld.com
TODD & WELD LLP
One Federal Street, 27th Floor
Tel: (617) 720-2626
Fax: (617) 227-5777

CHAD GOLDER (*Pro hac vice*)
chad.golder@mto.com
ADELE M. EL-KHOURI (*Pro hac vice*)
adele.el-khouri@mto.com
MUNGER, TOLLES & OLSON LLP
1155 F Street NW, 7th Floor
Washington, DC 20004-1361
Tel: (202) 220-1100
Fax: (202) 220-2300

JONATHAN H. BLAVIN (*Pro hac vice*)
jonathan.blavin@mto.com
MUNGER, TOLLES & OLSON LLP

560 Mission Street, 27th Floor
San Francisco, CA 94105-4000
Tel: (415) 512-4000
Fax: (415) 512-4077

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent via the Court's electronic filing system, and served to all counsel of record on April 4, 2019.

/s/ Christian G. Kiely
Christian G. Kiely